UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVE M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07cv1497 TCM |
| | ) |
| OAK LEAF OUTDOORS, INC., | ) |
| d/b/a Lone Wolf Stands, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This patent infringement action is before the Court[1] on the motion of defendant, Oak Leaf Outdoors, Inc., doing business as Lone Wolf Stands ("Oak Leaf"), to transfer venue to the United States District Court for the Central District of Illinois. [Doc. 11]

## Background

Steve Johnson ("Plaintiff") is an inventor; his place of business is in Church Hill, Tennessee. (Compl. ¶ 6.) Oak Leaf is an Illinois corporation with its principal place of business in Peoria, Illinois. (Id. ¶ 7.) Oak Leaf's employees all work out of the Peoria office. (Schlipf Decl. ¶ 4.) All Oak Leaf's business records are maintained in the Peoria office. (Id.) Peoria is in the Central District. Oak Leaf's president, Jared Schlipf, resides in Dunlap, Illinois. (Id. ¶¶ 1, 2.) Oak Leaf has no office, plant, warehouse, employees, or facility in Missouri. (Id. ¶ 7.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Plaintiff alleges in his complaint that Oak Leaf's tree stands infringe on his patents, Numbers 6,662,903 and 6,264,000. (Compl. ¶¶ 21, 27, 34.) The allegedly infringing products are manufactured in Plymouth, Wisconsin, and shipped directly to Oak Leaf's customers, including dealers in both Missouri and Illinois. (Schlipf Decl. ¶ 5; Pl. Ex. B.) These products were developed by Andrae D'Acuisto, a resident of Milwaukee, Wisconsin. (Schlipf Decl. Id. ¶ 6.) He and the documents and the materials relating to the allegedly infringing products are in Wisconsin. (Id.)

Plaintiff's counsel is located in East Alton, Illinois; Oak Leaf's counsel is located in St. Louis, Missouri.

### Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this action could have been filed in the Central District of Illinois.

"The statutory language [of § 1404(a)] reveals three general categories of factors that courts *must* consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." **Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 691 (8th Cir. 1997) (alteration and emphasis added). A district court's evaluation of a motion to transfer is not limited to these three factors. **Id.** Instead, these factors "are broad generalities that take on a variety of meanings in specific cases." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure, § 3847 (2d ed. 1986). Thus, a district court has the discretion "to adjudicate motions for

transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988) (quoting <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622 (1964)).

The Court is mindful when it is exercising its discretion that it is well established that the moving party bears the burden of proving that a transfer is warranted. <u>See</u> **Terra Int'l, Inc.**, 119 F.3d at 695; **Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.**, 244 F. Supp.2d 1015, 1022 (E.D. Mo. 2002); **Brockman v. Sun Valley Resorts, Inc.**, 923 F. Supp. 1176, 1179 (D. Minn. 1996). <u>See</u> <u>also</u> **Anheuser-Busch, Inc. v. City Merchandise**, 176 F. Supp.2d 951, 959 (E.D. Mo. 2001) ("In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of a proper venue."). "This is because § 1404(a) provides for transfer 'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'" **American Standard, Inc. v. Bendix Corp.**, 487 F. Supp. 254, 261 (W.D. Mo. 1980) (quoting <u>Van Dusen</u>, 376 U.S. at 645-46).

<u>Convenience of Witnesses.</u> "Probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of the witnesses." <u>Federal Practice and Procedure</u> at § 3851 (alteration added). <u>See</u> <u>also</u> **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959 ("The primary, if not the most important of [the § 1404(a) factors] is the convenience of the witnesses.") (alteration added; interim quotations omitted). "'Merely shifting the inconvenience from one side to another . . . obviously is not a permissible justification for a change of venue.'" **Terra Int'l, Inc.**, 119 F.3d at 696-97 (quoting <u>Scheidt v. Klein</u>, 956 F.2d 963, 966 (10th Cir. 1992)) (alteration added).

Only one nonparty, Mr. D'Acuisto,[2] is identified by either party as a witness who may appear in court for trial or whose deposition may be taken. Mr. D'Acuisto resides in Milwaukee, Wisconsin, and neither Peoria nor St. Louis appears to be more convenient than the other. Thus, the Court finds consideration of this factor favoring neither side.

<u>Convenience of Parties.</u> Oak Leaf has identified its president, Mr. Schlipf, as a probable witness for trial. Additionally, Oak Leaf notes that its employee records and relevant documents are all located in its Peoria office. Plaintiff resides in Tennessee. Both parties have retained counsel whose offices are located at or near St. Louis. Oak Leaf is located in Peoria; however, Plaintiff must travel to either location. Therefore, consideration of this factor slightly favors Oak Leaf.

<u>Interest of Justice.</u> Included in this factor are such considerations as the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency. **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959. <u>Accord</u> **Jones v. GNC Franchising., Inc.**, 211 F.3d 495, 498-99 (9th Cir. 2000); **Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.**, 43 F. Supp.2d 749, 754 (S.D. Tex. 1999); **American Standard, Inc.**, 487 F. Supp. at 264.

Neither party has argued that a hostile witness will be called. The governing patent law is the same regardless of whether the trial is held in Peoria or St. Louis. Considerations of cost and efficiency favor neither location.

---

[2] It is unclear whether Mr. D'Acuisto is employed by a party.

"The party seeking transfer bears the heavy burden of showing that the balance of factors *strongly* favors the movant." **Hammann v. 1-800-IDEAS.com, Inc.**, 455 F. Supp.2d 942, 961 (D. Minn. 2006) (quoting United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994)). Although moving the case to the Central District of Illinois would be more convenient for Oak Leaf, it would not be for Plaintiff. Considering all the relevant factors, the Court finds that Oak Leaf has failed to demonstrate that they favor a change of venue.

Accordingly,

**IT IS HEREBY ORDERED** that Oak Leaf Outdoors, Inc.'s motion to transfer venue to the United States District Court for the Central District of Illinois is **DENIED**. [Doc. 11]

**IT IS FURTHER ORDERED** that the parties' Joint Scheduling Plan is due on or before **February 4, 2008**. The Rule 16 conference shall be held in the chambers of the undersigned on **Monday, February 11, 2008, at 9 o'clock in the morning**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2008.